*Certified accordingly.*

---

## WILSON FOR THE USE OF FARRAND *v.* DAVIS.

Under the act, Sess. L. 1845, p. 98, a plaintiff against whom a judgment is rendered in a justice's court for costs only, amounting to less than $4, may appeal, and no affidavit under sec. 2 of the act is necessary to perfect the appeal in such case.

Where a statute provides that "if any party shall appeal" &c. from a judgment rendered by a justice, "such party, his agent or attorney," shall enter into a recognizance : *Held,* the appeal might be taken and the recogizance entered into by the person for whose use the suit was brought.

By the justices' act, Laws of 1833, p. 193, sec. 1, "judgment by confession may be entered by any justice of the peace for any sum not exceeding one hundred and fifty dollars, provided such confession be in writing, signed by the person making the same, in presence of the justice, or one or more competent witnesses." *Held,* a judgment on a confession not in writing, was void; and that where such judgment had been stayed, an action could not be sustained on the undertaking of the stay for the want of a consideration to support it.

CASE reserved from Wayne Circuit Court. This was an action of asssumpsit, brought by Rufus Wilson for the use of Jacob S. Farrand against Solomon Davis, upon the following instrument:

" Rufus Wilson
    *v.*     }  State of Michigan, County of Wayne, *ss.*
Charles Davis.

" Whereas, judgment hath this day been rendered by John W. Strong, one of the justices of the peace in and for the county aforesaid, in favor of the plaintiff, against the defendant, for the sum of $50 damages, and 69 cents costs of suit, I do hereby acknowledge myself security for the stay of execution on said judgment, and agree to pay damages and costs, with interest on the same, in six months from this date.

"Dated Detroit, May 21st, 1838.     (Signed) SOLOMON DAVIS."

The declaration contained the necessary allegation of the recovery by said Wilson of the judgment against Charles Davis, and the execution of the above stay of execution thereon by the defendant in this suit.

The defendant plead the general issue and other special pleas.

The cause was originally tried before a justice of the peace, who rendered a judgment against the plaintiff for the costs of suit, which were a sum less than $4.

From this judgment the plaintiff appealed to the circuit court. The statute under which the appeal was taken allows *any party* to a judgment to appeal, among other cases, "where final judgment was rendered upon an issue of fact joined between the parties." Sess. L. 1845, p. 98, sec. 1. And the second section of the same statute provides, that " no party against whom a judgment has been rendered by a justice of the peace upon any claim arising from contract, shall appeal therefrom to the circuit court, unless such party, his agent or attorney, shall, within five days after the rendition of such judgment, make and present to such justice an affidavit, alleging that the party recovering such judgment had recovered therein at least five dollars more than was justly

and honestly due such party." The fourth section of the same act further provides, that " if any *party* shall appeal from a judgment rendered by a justice of the peace," &c., " such *party, his agent or attorney,* shall, within five days after the rendition of such judgment, enter into a recognizance, with at least one responsible surety, in a sum not less than double the amount of the judgment and costs, conditioned to prosecute such appeal with due diligence to judgment," &c. The appeal is this case was taken by Farrand, for whose use the action was brought, and the recognizance required by section four of the statute above quoted was entered into by him—Wilson, the nominal plaintiff, not joining therein; and no such affidavit as is required by section two of the same statute, was filed.

On the first day of the term of the circuit court, the defendant moved to dismiss the appeal, because: 1. It was not taken, nor was the recognizance entered into by a party to the judgment. 2. The affidavit required by section two of the statute above quoted, had not been filed. 3. Appeal did not lie in such a case, under the statute, which motion was overruled by the court.

The cause subsequently proceeded to trial before a jury. On the trial the plaintiff read in evidence, to prove the judgment referred to in the instrument on which his action was founded, the following entry, under date of May 21, 1838, from the docket of Justice Strong :

" Rufus Wilson  ⎫
     *v.*     ⎬  *Amicable suit.   Assumpsit,* $50.
Charles Davis. ⎭

" Defendant in court and confesses judgment in favor of the plaintiff in the sum of $50 damages, and 56 cents costs of suit, for which several sums judgment is hereby rendered.   Stay entered by Solomon Davis.

Damages - - - - - - - - $50 00

Costs - - - - - - - - - -    56

--------

$50 56 "

No written confession signed by Charles Davis was proved by the plaintiff; and it appeared in evidence on the defence, that none was executed.

The first section of the justices' act of 1833, from which the jurisdiction of the justice was derived, provides, that " all actions of assumpsit, &c., where the balance due, or the damages or thing demanded shall

Wilson for the use of Farrand v. Davis.

not exceed $100, &c., shall be cognizable before any justice of the peace; and judgment by confession may be entered by any justice of the peace for any sum not exceeding $150, provided that such confession shall be *in writing, signed by the person making the same, in the presence of the justice, or one or more competent witnesses.*"

It was insisted on the part of the defendant, that under this statute, the judgment was void for want of jurisdiction.

After the evidence was closed the cause was, with the consent of the court, withdrawn from the jury, and a case was agreed upon between the parties, which was reserved by the presiding judge for the opinion of this court upon the questions arising thereon, and among which were:

1. Whether the motion to dismisss the appeal was properly denied.

2. Whether the justice of the peace had jurisdiction to render the judgment in favor of Wilson against Charles Davis, and the same was valid and would support the defendant's undertaking.

*E. C. Walker*, for plaintiff.

*Van Dyke and Emmons*, for defendant.

*By the court,* WING, J.   It is objected that the statute did not authorize an appeal in this case, because an affidavit was not made.   It has been repeatedly decided in this court that an appeal did lie in a case like this, without an affidavit by the party appealing, as the case is embraced by the first section of the justices' act of 1845 (Sess. L. 1845, p. 98); and the cases in which affidavits are required are specially specified, and this is not one of them.   As this question has been put at rest by the amendatory act of 1846 (Sess. L. 1846, p. 235), it cannot now be a matter of any particular importance that the reasons which have influenced the court in adopting this construction of the statute, should be published.

It is further objected that Farrand, the assignee of the original judgment, claimed the appeal from the decision of the justice and entered into a recognizance, instead of Wilson, the plaintiff in the suit.   The fourth section of the act provides, that " if any party shall appeal from a judgment rendered by a justice of the peace, as herein before provided, such party, his agent or attorney, shall, within five days, enter into a recognizance," &c.   We think that Farrand must be considered to be the

agent and attorney for the nominal plaintiff. He is the assignee of the judgment; the plaintiff has authorized him, by the sale to him, to prosecute the suit, and to do all matters necessary to make it available to him, at the least, if the plaintiff does not interfere. The assignment of the judgment operates as a power of attorney, irrevocable to the assignee, to prosecute and collect the judgment in the name of the assignor, the plaintiff in the judgment.

The only other point made in the case which we deem it necessary to notice, is, that the original judgment was void, and did not, and could not form a sufficient consideration for the alleged assumption of the defendant.

The questions raised by this objection upon the first section of the justices' act of 1833, have been repeatedly considered and decided by this court. The reasons urged in support of this objection are, that the statute required, that to give jurisdiction to the justice, the confession should have been made "in writing, signed by the person making the same, in the presence of the justice, or one or more competent witnesses;" and the judgment was rendered by the justice without his having any written confession of judgment.

It is urged by plaintiff's counsel, that certain authorities cited by him, having a strong bearing upon this question, have not hitherto been considered by the court in making up their decisions upon this question.

It has been uniformly held by this court, that to give validity to a judgment by confession, the justice, in rendering the same, must strictly pursue the authority given to him by the statute; and that the facts necessary to give him jurisdiction must affirmatively appear in his proceedings, and cannot be presumed. Wright v. Warner, 1 Doug. Mich. R. 384; Clark v. Holmes, id. 390. In the case of Beach v. Botsford, id. 199, the confession was written and signed by the defendant, but it was not witnessed: and it was decided that the confession was not made in conformity to the requirements of the statutes, and, therefore, did not give the justice jurisdiction of the defendant. In the case of Spears v. Carter, ante 19, the record of the justice stated, that the "judgment was rendered upon the written confession of defendant, in favor of the plaintiff;" but no such written confesssion was shown to have been made. The judgment was held to be void, for two reasons: 1. That it did not appear that the justice acquired jurisdiction of the

defendant, or of the subject matter of the suit. 2. The cause of action was not stated in the judgment. In this cause, it does not appear from the record or the files of the justice, whether it was for damages for slander, false imprisonment, or any other cause of action of which the justice had not jurisdiction; there is no reference to any note or contract in the judgment. There is no pretence that a written confession was ever made. In the cases cited it was decided there must be a written confession, in the presence of the justice, or one or more competent witnesses, and that such confession must be presented to the justice before he could acquire jurisdiction of the party.

Plaintiff's counsel insists that Justice Strong had jurisdiction of the amount, of the persons and the place—that when the parties appeared before him, and had stated their case, and he put pen to his docket, at that moment he was in possession of the case, with full power to carry it on to a close; and if the justice erred in any of the subsequent steps in taking the confession, it did not oust him of his jurisdiction—that the proviso only regulates the mode of exercising jurisdiction.

The same section of the act specifies the actions and amounts of which justices shall have jurisdiction. The mode in which this jurisdiction is to be exercised in cases of confession, is prescribed in this section; the other sections of the act prescribe the mode of its exercise in other cases. The appearance of a defendant may be enforced by process, or he may voluntarily appear, and in the latter case an amicable suit may be entered; but this supposes a denial by the defendant of the cause of action—otherwise there is nothing to try. In the caption of the judgment the justice has written "*Amicable suit;*" but it was not such a suit: it purported to be, as appeared from the recital in the judgment, a confession of judgment. That part of the section which authorizes the justice to enter judgment upon confession, provides, that "judgments by confession may be entered by any justice of the peace for any sum not exceeding $150, provided such confession be in writing, signed by the person making the same, in the presence of the justice, or one or more competent witnesses." Until there has been a literal compliance with this provision of law, the justice cannot have jurisdiction of a defendant. The cases cited by the plaintiff in support of his position, are, 2 Salkeld 674; 17 John. R. 145; 2 Cowen 548; and 4 John. C. R. 91. In these cases the jurisdiction of the court or officers to ren-

der judgment or make orders, was denied. It was urged that because their proceedings were defective in some respects, they were void; but the court held, that because the tribunals in the exercise of conceded powers had erred, their acts were voidable, only—not absolutely void. In the last case cited, the chancellor, whilst he does not admit that the proceedings which were objected to as void, were shown to be so, says, that the complainant is estopped from questioning them, as he, by his acts and acquiescence, has led the defendant to expend large sums of money upon the lands purchased by virtue of those proceedings.

We cannot perceive any good reason for overruling the decisions heretofore made by this court upon this point, and we think the judgment read in evidence in this case was void, and, therefore, cannot furnish a valid consideration for the promise of the defendant set forth in plaintiff's declaration.

*Certified accordingly.*