# OCTOBER TERM, 1860, AT DETROIT.

## The Washington County Bank v. Timothy Jerome.

A promissory note dated July 20, was by its terms payable "One year, August 15th, after date." *Held*, that it was payable not one year after its date, but one year from the fifteenth day of August after its date.

*Heard October 6th. Decided October 11th.*

Error to Wayne Circuit.

The action was brought in the court below against defendant as endorser of a note of which the following is a copy:

"DETROIT, July 20th, 1855.

One year, August 15th, after date, we promise to pay to the order of H. N. Walker, two thousand five hundred dollars, at Michigan Insurance Bank, value received, with interest.      V. A. RIPLEY & Co."

The Circuit Judge charged the jury that this note was conflicting and repugnant in its terms, as to the time it became due; that the terms, "one year, August 15th, after date," could not be made to harmonize, and that in construing the note to determine when it became due, the words and figures, "August 15th," must be rejected as without effect, so that the note fell due in one year from July 20th, 1855.

If this view of the court was correct, it was conceded that defendant had not been properly charged as endorser.

*Buel & Trowbridge*, for plaintiffs in error.

WASHINGTON COUNTY BANK v. JEROME.

*T. Romeyn*, and *G. V. N. Lothrop*, for defendant in error.

CHRISTIANCY J.:

The only question in this case is, when did the note become due? Was it a year from the date of the note, or a year from the fifteenth of August following?

The first construction renders the phrase "August 15th," repugnant to all the other words of the instrument relating to the time of payment, and requires us to presume that the phrase in question was inserted by mistake, or with the intention of rendering the instrument nonsensical or repugnant, or without any purpose whatever. Prima facie, at least, all the words of an instrument must be presumed to have been inserted for some purpose; and it is little short of absurdity to attribute to the parties an absurd intention, when a reasonable and intelligible one can be extracted from the language of the whole instrument.

The second construction, which makes the note payable a year from the fifteenth of August following, gives full effect to the phrase in question, and to all the other words of the instrument, avoids all incongruity, and, while it attributes to no word or phrase a meaning not sanctioned by the common usage of the language, makes the entire instrument sensible and consistent. We can therefore have no doubt that the latter is the true construction, and expresses the real intention of the parties.

The note should be read as if written "on the fifteenth day of August, one year after date;" or "one year from the fifteenth of August, after date;" either of which is equivalent to "one year from the fifteenth of August next."

But it is said, the office of interpretation or construction is to ascertain the intention of the parties from the words which they have used; and that we are not at liberty to insert words which they have omitted, and which are not to be found in the instrument.

This rule is correct when taken with its proper limita-

tions. But it must be understood with this qualification, at least, that words the omission of which by way of ellipsis, is sanctioned by usage, for the sake of brevity, and which are necessarily understood in order to give an intelligible meaning to the words used, or to complete the grammatical construction, must often be supplied, or, what is equivalent, understood as included in the words used.

Such grammatical ellipses are of frequent occurrence in all written instruments, and are common to all languages, whether written or spoken; but no where, perhaps, more common than in mercantile instruments, because brevity is no where more essential. Thus, drafts are made payable "at thirty days date," or "at ten days sight." No one ever doubted that, in legal, as well as grammatical construction, a preposition is to be supplied or understood before the words " date" or "sight;" and this is all that is required in the case before us.

Without this qualification of the rule which confines us to the words of the instrument, it may well be doubted whether any commercial contract could ever be sustained. No rule of construction requires us to abjure common sense, by refusing to understand words clearly indicated by the context.

Phrases similar to that here in question, are in common use, not only by the illiterate, but by some who aspire to correctness and even elegance of language. Thus, we frequently hear the phrase " on Saturday week," or " a year the first of August," or " the first of August a year;" and when used in reference to a future event, no one ever doubted that these expressions were equivalent to " a week from next Saturday," or " a year from the first of August next." Words and phrases have no inherent meaning, but acquire their signification from usage alone.

The Circuit Court erred in rejecting the phrase in

question as repugnant. The judgment must be reversed, and a new trial granted.

The other Justices concurred.