## Robert Blackwood v. William Brown.

*Mortgages : Agreement : Discharge : Payment: Charge to the jury.* In a suit to recover back moneys deposited under an agreement that they were to be returned upon the discharge of two certain mortgages, a charge to the jury which permitted recovery on proof of payment of the mortgages, notwithstanding one of them was not discharged when the suit was brought, is error; payment cannot be treated as synonymous with discharge in such a contract.

*Relation.* In such a suit the doctrine of relation will not be applied to permit a discharge obtained after the suit was brought, to be referred to the payment which was made before, so as to save the right of action; this doctrine is one for the advancement of justice, and cannot be made use of to put one in default and justify his being mulcted in damages and costs for not doing what at the time he was under no legal obligation to do.

*Charge to the jury : Inferences : Parties : Failure to testify.* The charge in this case is held not open to objection for permitting the jury to draw unfavorable inferences against the defendant from his failure to testify as a witness in explanation of material transactions if they believed them to be within his knowledge.

*Submitted on briefs April 22. Decided July 14.*

Error to Wayne Circuit.

*Henry M. Cheever,* for plaintiff in error.

*Moore & Griffin,* for defendant in error.

COOLEY, J.

In the court below Brown brought suit to recover moneys which were in Blackwood's hands under a written agreement that they were to be paid over to Brown when he should cause the discharge of two certain mortgages. One of the mortgages was discharged of record before the suit was brought; the other, Brown was allowed to show, was discharged by the giving of a quit-claim deed after suit brought, although it seems to have been actually paid before. The court charged the jury that if the plaintiff before the commencement of suit had paid the mortgages, or caused them to be paid "to the satisfaction of the defendant," that was sufficient, and would entitle him to recover. This instruction treated payment as synonymous with discharge; which we think was error. By the discharge of a

mortgage, as the term is commonly understood, a discharge of record—something that relieves the land from the apparent lien—is intended; not a mere payment, that may rest for proof upon parol and perhaps disputed and doubtful testimony. And this we think was what the agreement called for. And though the defendant might have been entirely satisfied with the payment in this case, he would have been likely to still regard the discharge as important, and to have expected and relied upon its being procured. If the plaintiff claimed that a discharge of record had been waived by defendant, he should have presented his case to the jury on that theory under instructions properly distinguishing a discharge from a payment; but this was not done.

It is suggested in the brief for the defendant in error that the doctrine of relation is applicable to the case, and that under it the discharge obtained after the commencement of suit may be referred to the payment which was made before, and thus save the right of action. But the doctrine of relation is one for the advancement of justice, and is not applicable under circumstances when injustice must be the result. If Brown had no right of action when he brought suit, he could not sustain it by something done afterwards. The case is to be tried on the facts as they stood when the suit was brought, and if the defendant was not in default then, the doctrine of relation cannot put him in default, and justify his being mulcted in damages and costs for not doing what as yet he was under no legal obligation to do.

A question is made whether the court did not err in instructing the jury that they were at liberty to draw unfavorable inferences against the defendant from his failure to come forward as a witness to give evidence in explanation of material transactions if they believed them to be within his knowledge; but the majority of the court are of opinion that the charge in this regard was sufficiently guarded and not open to objection.

No other errors are discovered in the record. The judgment must be reversed, with costs, and a new trial ordered.

CHRISTIANCY and CAMPBELL, JJ., concurred.

GRAVES, CH. J., did not sit in this case.