## Robert Blackwood v. William Brown.

*Declaration: Moneys wrongfully detained: Common counts.* Where one has deposited with another securities to indemnify the latter for signing as a surety the former's bond to pay and satisfy certain mortgages, he may, after performance of the condition of the bond, recover under the common counts the moneys collected on the securities; there is no more occasion for declaring specially on the contract than there would be for setting forth the special circumstances in other cases where one is wrongfully detaining the property of another.

*Collateral securities: Bond to third person: Performance satisfactory to obligee: Surety.* One who has received securities to protect him for having signed another's bond to a third person, conditioned that the obligor should procure a discharge of certain mortgages on lands conveyed by him to the obligee, cannot, when called upon after performance to refund, set up in defense any technical objections to the discharges procured, where they were satisfactory to the party for whose benefit they were obtained and he has delivered up the bond as satisfied.

*Contracts: Written instrument: Distinct parol agreement: Evidence.* A written contract between parties does not preclude the proving another distinct transaction entered into at the same time, which rested in parol, and which does not vary the written contract and is not inconsistent with it.

*Another suit pending: Bar.* A prior suit pending in which there can be no recovery because it was prematurely brought, is no bar to a recovery in a new suit for the same cause of action.

*Heard April 6.     Decided April 18.*

Error to Superior Court of Detroit.

*Henry M. Cheever,* for plaintiff in error.

*Moore & Griffin* and *F. A. Baker,* for defendant in error.

COOLEY, CH. J:

The action in the court below was brought by Brown to recover from Blackwood the amount of certain securities which he had deposited with Blackwood, and which the latter did not account for. For all but one of these, Blackwood had given a written receipt specifying that they or the moneys received thereon were to be returned to Brown when two certain mortgages were discharged. The discharge, it appears, was to be obtained for the benefit and protection of one Whittaker, to whom Brown had conveyed the lands covered by the mortgages, and Blackwood was concerned only as having joined Brown in a bond to protect Whittaker against the mortgages. The securities were deposited with him for his protection as surety in this bond.

The declaration was on the common counts, and the first exception in the case is to the ruling of the court that the plaintiff, if the mortgages were discharged so as to entitle him to the securities, was entitled to sue without declaring specially. This ruling was correct. When Brown had performed his undertaking, the agreement between himself and Blackwood became wholly immaterial, except as a matter of evidence, and there was no more necessity for declaring specially upon it than there would be for setting forth the special circumstances in other cases when one is wrongfully detaining the property of another. The plaintiff was not suing on the contract, but on his ownership; and the contract was only explanatory of defendant's possession.

Evidence was put in by the plaintiff to show that the two mortgages had been duly discharged. Some technical objections were made to the sufficiency of these discharges, but we are relieved from the necessity of considering them critically by the evidence of Whittaker that they were satisfactory to him, and that he delivered up the bond of indemnity as having been satisfied. If Whittaker accepted the discharges, that was all that Blackwood could require.

The plaintiff was permitted to show that besides the

securities mentioned in the receipt, a certain mortgage was also put into Blackwood's hands by him. This was objected to on the ground that the written receipt must be presumed to embody the whole contract between the parties. But no such paper precludes either party from showing that there was another transaction between the parties at the same time. It does not vary the written contract, and is in no manner inconsistent with it.

The only other exception which requires notice relates to another suit which was once before us and was remanded for a new trial.—*Blackwood v. Brown, 29 Mich., 483.* In that suit the plaintiff sought to recover for these securities, but failed because the mortgages were not discharged when he brought it. That suit has not been discontinued, but as there can be no recovery in it for the cause of action now relied upon, it is obvious that it cannot be in the way of a new suit, brought after the mortgages were discharged.

The judgment must be affirmed, with costs.

The other Justices concurred.