73  457
107  481

73  457.
123  378

73    457
136   ¹ 29

ALONZO H. BRADY v. THE TOLEDO, ANN ARBOR & NORTH MICHIGAN RAILROAD COMPANY.

*Writ of error—Service of process—Withdrawal of writ from clerk's office before return-day.*

1. The province of a writ of error is to bring up for review *final* judgments and determinations, and not decisions or discretionary orders made pending litigation.

2. A writ obtained from the clerk's office after its return, and before the return-day, is not absolutely void, and if the court could, by a previous order, permit it to be taken from the files for service, which would be a matter in his discretion, he could, in virtue of the exercise of the same discretion, approve the act by ordering the service to stand, and the return to be filed as of the date of service.

Error to Gratiot. (Hart, J.) Argued January 11, 1889. Decided January 25, 1889.

Case. Defendant brings error. Writ dismissed. The facts are stated in the opinion.

*H. & E. L. Walbridge,* for appellant.

*J. L. Potts,* for plaintiff.

CHAMPLIN, J. In 1885 the Legislature amended the act relative to the service of process upon railroad companies, permitting service to be made upon any station agent or ticket agent at any station or depot along the line or at the end of the road.[1] Previously, such service could be made upon any conductor of a freight or passenger train.

Plaintiff commenced suit in the circuit court for the county of Gratiot by summons against the defendant.

_____

[1] Act No. 207.

The summons was issued November 8, 1887, returnable December 6, 1887. The sheriff returned the writ into the clerk's office on November 9, with his return thereon indorsed that he had served it by personally delivering a true copy thereof to R. H. Wild, conductor for defendant company, and exhibiting to him the original under the seal of the court. November 16, 1887, he took the same summons, and, as appears from his return, served it upon Frank E. Kneeland, station agent for defendant company, by personally delivering to him a true copy thereof, and exhibiting to him the original under the seal of the court. Defendant appeared specially by its attorneys, and moved to quash all proceedings and dismiss the same, for the reasons that no *alias* summons was issued, and no application was made to the court for an order to take said summons from the files after its return and make an additional service thereof, and no order was made granting plaintiff or the officer leave to make additional service and return thereof, by reason whereof the court had not properly obtained jurisdiction over the person of defendant. Upon hearing, the motion was denied, and the court directed the second return to be filed as of the date it was made to the clerk's office, without costs, to which ruling defendant excepted, and brings the case here for review upon writ of error and bill of exceptions.

The plaintiff's attorney raises the point that the case is not one which can be reviewed upon writ of error, and in this view we agree. The proceedings were interlocutory, and not final, and resulted in no final judgment against defendant. The province of a writ of error is to bring up for review final judgments or determinations, and it is not employed to bring up interlocutory decisions or discretionary orders made pending litigation. This has been declared in numerous decisions of

this Court, some of which are the following: *Holbrook v. Cook*, 5 Mich. 225; *Chaffee v. Soldan*, Id. 242; *Conrad v. Freeland*, 18 Id. 255; *Adams v. Church*, 22 Id. 79; *Polhemus v. Bank*, 27 Id. 44; *Comstock v. Circuit Judge*, 30 Id. 98; *Miller v. Rosier*, 31 Id. 475.

As the writ of error must be dismissed, with costs, the merits are not open for discussion. Perhaps it would not be out of the way to suggest that the writ obtained from the clerk's office after its return, and before the return-day, was not absolutely void, and if the court could, by an order granted previously, give leave to take it from the files for service, which would be a matter in his discretion, he could, in virtue of the exercise of the same discretion, approve the act, which he has done by ordering the service to stand, and the return to be filed as of the date of service.

The other Justices concurred.