LEWIS v. BRICKER.

1. APPEAL AND ERROR—ONLY FINAL JUDGMENT REVIEWABLE.
    A writ of error will issue only to review a final judgment.[1]

2. SAME—DENIAL OF MOTION FOR JUDGMENT NON OBSTANTE NOT REVIEWABLE.
    Where plaintiff's declaration set forth two causes of action in separate counts, and the jury returned a verdict for him on one count and a verdict of no cause of action on the other, the denial of his motion for judgment *non obstante veredicto*, not being a final judgment, is not reviewable by writ of error.[2]

Error to St. Clair; Tappan (Harvey), J. Submitted June 11, 1925. (Docket No. 2.) Decided October 1, 1925.

Assumpsit by Carl D. Lewis against Chester Bricker

---

[1]Appeal and Error, 3 C. J. § 256; [2]Id., 3 C. J. §§ 343, 440.

for money paid for stock sold in violation of the "blue sky law." Judgment for plaintiff. Both parties bring error. Dismissed.

*Shirley Stewart* (*Eugene F. Black,* of counsel), for plaintiff.

SHARPE, J. Plaintiff's declaration sets forth in separate counts two causes of action. He sought to recover money paid by him to defendant in the purchase of two separate and distinct lots of stock, the sales of which were alleged to be in violation of section 11945 *et seq.,* 3 Comp. Laws 1915, commonly called the blue sky law. At the conclusion of the proof, both parties moved for a directed verdict. Decision was reserved and the issues submitted to the jury, with instructions to return a finding as to each of plaintiff's claims. Their finding is thus stated in the record:

"The jury returned a verdict for plaintiff for the amount of the Butter-Flake stock, $525, plus interest at 5 per cent. from April 11, 1921, to date, making a total of $621.25, and a verdict of no cause for action for the Auto-Vend stock of June 6, 1921."

Plaintiff thereafter moved for judgment *non obstante veredicto* as to the claim disallowed by the jury. The trial court filed an opinion denying this motion. The following entry (omitting the titles, etc.) was made in the court journal on December 30, 1924:

"The plaintiff in the above entitled cause having filed a motion for judgment *non obstante veredicto* and having moved the court to enter a judgment in his behalf for the sum of ten hundred and fifty dollars with interest from June 6, 1921, the same being the amount paid by the plaintiff for the capital stock of the Auto-Vend Company, and the said motion having come on for hearing, and after hearing argument of counsel for the respective parties, the motion of the

plaintiff for judgment *non obstante veredicto* for the sum of ten hundred and fifty dollars with interest from June 6, 1921, is hereby denied, with costs to defendant hereby taxed at the sum of five dollars.

"It is further ordered and adjudged that judgment be entered on the verdict for the plaintiff Carl Lewis against the defendant Chester Bricker for the sum of six hundred twenty-one and 25/100 dollars, *nunc pro tunc* as of December 29, 1924."

Writs of error were taken out by both parties. Plaintiff seeks to review the action of the court in denying his motion for judgment. Defendant assigns error in the denial of his motion for a directed verdict.

The defendant did not file a bond to stay proceedings. On May 28, 1925, plaintiff caused a writ of execution to be issued on the judgment entered in his favor. Levy was made thereunder. On May 29th, the defendant paid the amount of the judgment, including the costs as taxed, to the officer, and secured a receipt in satisfaction thereof. Soon thereafter, he filed a motion in this court to dismiss plaintiff's writ of error, for the reason that the judgment sought to be reviewed by him had been satisfied. Plaintiff theretofore had filed a motion to dismiss defendant's writ of error, for reasons not important to state, as defendant concedes that it should be dismissed, the judgment having been satisfied. The record being in this court, and the cause having been noticed for hearing at the June term, both motions were held until the submission of the case.

Under our practice, a writ of error will issue only to review a final judgment. Such a judgment was entered for plaintiff for the amount found in his favor by the jury. The writ of error issued at his behest brings that judgment before us for review. It has since been satisfied by payment. As a matter of fact, plaintiff did not seek to review that judgment. A reading of the journal entry discloses that no judg-

ment was rendered as to plaintiff's second claim. The jury had found against him as to this, and the only determination of the court was a denial of his motion for judgment notwithstanding the verdict. Such denial may not be reviewed by writ of error. *Bancroft* v. *Board of Regents*, 192 Mich. 168.

In order that the practice in cases such as this may be harmonized with the statute, we have this day adopted Circuit Court Rule No. 70, a copy of which will appear in the margin.[1]

It follows that both writs of error will be dismissed, without costs to either party.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.

---

[1]Circuit Court Rule No. 70.

Where separate and distinct causes of action are joined in actions at law, under the provisions of section 12309, 3 Comp. Laws 1915, the court may, at the request of counsel for either party, direct the jury to bring in separate verdicts upon the several counts; upon which verdicts separate judgments shall be entered.

In but one of such judgment entries shall costs be allowed. If the plaintiff recover on any of such causes of action for an amount and under circumstances entitling him to costs under the provisions of the statute relating thereto, he shall have judgment therefor; otherwise, costs shall be adjudged in favor of the defendant.