JIRASEK v. WAYNE CIRCUIT JUDGE.

1. Court Commissioners—Notice of Appeal from Interlocutory Order Not Required—Circuit Court Rules.

Amendment to Circuit Court Rule No. 11, relative to serving notice of appeal from circuit court commissioner or justice's court, in view of its relation to amendment to Rule No. 39, establishing time for demand for jury in circuit court in cases appealed from circuit court commissioner or justice's court, is applicable only to appeals from final judgments in cases where jury could be demanded in circuit court, and does not apply to appeal from interlocutory order.

2. Appeal and Error—Interlocutory Order Not Reviewable by Writ of Error.

Proceeding for dissolution of attachment is in nature of motion, and decision thereon is not judgment but interlocutory order, and is not reviewable by writ of error.

Mandamus by Charles Jirasek to compel Vincent M. Brennan, Wayne circuit judge, to set aside order dismissing plaintiff's appeal to the circuit court from an order of the circuit court commissioner dismiss-

ing proceedings to dissolve attachment instituted by the Hartford Accident & Indemnity Company. Submitted November 5, 1929. (Calendar No. 34,612.) Writ granted December 3, 1929.

*Lyle G. Younglove* and *Harry H. Wait,* for plaintiff.

*Byron A. Carse,* for defendant.

FEAD, J. Plaintiff was defendant in an attachment suit pending in circuit court. He brought proceedings before a circuit court commissioner to dissolve the attachment. Dissolution having been denied, he took an appeal to the circuit judge as provided in 3 Comp. Laws 1915, § 13079. On motion before the circuit judge, the appeal was dismissed because the defendant had not given the plaintiff notice of the appeal as provided by that part of Circuit Court Rule No. 11 which reads:

"In cases of appeal from a circuit court commissioner or the justice's court, the party appealing shall serve notice of the appeal upon counsel for the opposite party in the court below, * * * within five days after the return on appeal is filed in the office of the county clerk."

This amendment to Rule No. 11 was adopted April 14, 1927. On the same day an amendment to Rule No. 39 was adopted, establishing the time for demand for a jury in circuit court in cases appealed from a circuit court commissioner or the justice's court. 237 Mich. xxxiii and xxxiv. These amendments are related to each other, and were adopted as a means of facilitating trial of appeal cases in circuit court by establishing a definite time for demand for a jury as of right. The amendment to

Rule No. 11 was intended to apply only to appeals from final judgments in cases where a jury could be demanded in circuit court.

A proceeding for dissolution is in the nature of a motion, the decision thereon is not a judgment but is an interlocutory order, it does not disturb the regular ordinary proceedings in the case (*Gray* v. *York,* 44 Mich. 415), and is not reviewable by writ of error (*Gore* v. *Ray,* 69 Mich. 114).

A writ of mandamus will be issued, if necessary, requiring the circuit judge to set aside the order dismissing the appeal, without costs.

NORTH, C. J., and BUTZEL, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.