JENKINS *v.* STEWART.

1. Forcible Entry and Detainer—Judgment of Restitution—Satisfaction—Double Damages.

In summary proceedings brought to recover possession from lessee, latter has five full days in which to appeal from judgment of restitution during which time he may satisfy the judgment without payment of double damages (3 Comp. Laws 1929, §§ 14986–14988, as amended by Act No. 122, Pub. Acts 1933).

2. Landlord and Tenant—Summary Proceedings—Holding Over—Double Damages—Premature Action.

Action for double damages brought on fifth day after judgment of restitution in summary proceedings to recover possession under a lease *held*, prematurely instituted (3 Comp. Laws 1929, §§ 14986–14988, as amended by Act No. 122, Pub. Acts 1933).

3. Action—Accrual of Right of Action.

A litigant may not sue first and obtain his right of action afterwards.

4. Appeal and Error—Leave to Appeal—Interlocutory Orders.

Orders denying motion to dismiss action of case against tenant for double damages for holding over, cancel bond and quash writ of *capias* are interlocutory orders which may be reviewed upon leave to appeal to Supreme Court being granted (Court Rule No. 55 [1933]).

Appeal from Mecosta; Pugsley (Earl C.), J. Submitted April 9, 1935. (Calendar No. 38,096.) Decided May 17, 1935.

Case by William F. Jenkins and Mabel W. Jenkins against E. V. Stewart and Dorothy Stewart for double damages under the provisions of 3 Comp. Laws 1929, § 14986, for holding over under a lease.

From denial of motions to dismiss action, quash writ of *capias* and cancel *capias* bond, defendants appeal. Reversed.

*Worcester & Worcester,* for plaintiffs.

*John N. Anhut (Albert W. Haines,* of counsel), for defendants.

EDWARD M. SHARPE, J.    The plaintiffs are the owners of a hotel in Big Rapids and on June 2, 1930, leased the same to defendants who paid their monthly rent for the same until on or about April 1, 1934. Because of the failure of defendants to continue paying rent the plaintiffs on April 11, 1934, served a seven-day notice to quit and vacate said premises for nonpayment of rent. Suit was later commenced before a circuit court commissioner and on April 25, 1934, a judgment for restitution was entered for the premises.

April 30, 1934, plaintiffs began the present cause of action pursuant to 3 Comp. Laws 1929, § 14986, for double damages and at the time of the service of the writ of summons the defendant E. V. Stewart was placed under arrest on a writ of *capias* with bail indorsed on said writ in the amount of $2,000.

May 10, 1934, the defendants entered a special appearance in the cause and filed a motion to dismiss the cause of action and cancel the bond on the ground that the suit was prematurely brought. Later a supplemental motion was filed to quash the writ of *capias*. Both motions were denied and from which order defendants appeal.

This action is brought under 3 Comp. Laws 1929, § 14986, which reads as follows:

"The plaintiff obtaining restitution of any premises under the provisions of this chapter, shall be

entitled to an action of trespass on the case against the defendant, and may recover double damages from the time of the forcible entry, or forcible detainer, or of the notice to quit, or demand of possession, as the case may be.''

In construing this statute we must have in mind that 1 Comp. Laws 1929, § 76, provides:

"In the construction of the statutes of this State, the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"1. All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."

Also, that 3 Comp. Laws 1929, § 14987, provides:

"Either party conceiving himself aggrieved by the determination or judgment of the commissioner, or other officer, made or rendered under the provisions of this chapter, may appeal therefrom to the circuit court for the same county, within the same time, in the same manner, and return may be compelled, and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace."

This latter statute (3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933) provides that the aggrieved party may within five days appeal to the circuit court and during that period of five days he has the right to satisfy the judgment without the payment of double damages as is provided in 3 Comp. Laws 1929, § 14986, or he may

appeal as above provided.  See, *Horowitz* v. *Rott,* 235 Mich. 369; also *Lambton Loan & Investment Co.* v. *Adams,* 132 Mich. 350.  Moreover, a writ of restitution may not issue until the expiration of five days after the entry of judgment of restitution and the right to double damages could not accrue until the writ of restitution had been issued.  The present cause of action, having been brought during that period in which the defendants had the right to appeal, was prematurely instituted.  We said in *Schwier* v. *Atlas Assurance Co.,* 227 Mich. 104,

"To hold that one may sue first and obtain his cause of action afterwards is to set aside a general rule of long standing in this State."

See, also, *Dempsey* v. *Langton,* 266 Mich. 47.

The plaintiffs next contend that the orders made in this cause being interlocutory cannot be reviewed by the Supreme Court.  Court Rule No. 55 (1933) provides:

"In all cases in which review by the Supreme Court is provided by law, and notwithstanding the writ or remedy of review employed by common law or named in statute, review may be had by appeal under these rules.  This rule refers only to the method of review and does not restrict, enlarge or change the right or scope of review provided by law except as is explicitly set out in these rules."

We think that this rule permits, upon leave being granted, of reviews of such orders and decrees. Both motions should have been granted.  Defendants may have costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.