### BROWN *v.* ADLER.

1. Appeal and Error—Judgment Must Be Entered.
   No judgment can exist until it is put in form by the court and does not become appealable until entered.

2. Same—Verdict and Denial of New Trial Not Appealable.
   No judgment having been entered at time claim of appeal was filed in action for personal injuries in which jury awarded verdict to plaintiff and motion for new trial was denied, there was nothing from which an appeal would lie and nothing before the Supreme Court for review.

3. Same—Jurisdiction of Appellate Court.
   An appeal or proceeding in error as of right taken or commenced before the right to take or commence the same has accrued is premature and will be dismissed for want of jurisdiction.

Appeal from Bay; McCormick (James L.), J. Submitted November 27, 1937. (Docket No. 56, Calendar No. 39,636.)  Decided December 14, 1937.

Case by Harry Brown against Carl G. Adler for personal injuries sustained in a collision between automobiles. Verdict and judgment for plaintiff. Claim of appeal filed from verdict of jury and order denying new trial. Appeal dismissed.

*Hixson & Herbert,* for plaintiff.

*Carl H. Smith,* for defendant.

Potter, J. Trial of this case resulted in a verdict and judgment of $2,500. Appeal was a matter of right.

Claim of appeal to this court was filed August 25. 1936, "from the verdict of the jury" and from the order of the trial court "denying defendant's motion for a new trial." No judgment had then been entered. No judgment appears in the printed record. It does appear in the transcript, and the calendar entries show judgment was entered on the verdict August 31, 1936, six days after the claim of appeal was filed.

"An appeal to the Supreme Court, as of right, shall be perfected within twenty days after entry of the judgment, decree or order appealed from, or within twenty days after the entry of an order denying a motion for new trial or rehearing, provided such motion is made within twenty days after entry of the judgment, decree or order appealed from. The time herein provided is jurisdictional in appeals as of right." Court Rule No. 57, § 1 (1933).

No judgment can exist until it is put in form by the court. Having been entered, it, for the first time, became appealable. *People, ex rel. Green,* v. *Eaton Probate Judge,* 40 Mich. 244; *Brady* v. *Railroad Co.,* 73 Mich. 457; *Steel* v. *Clinton Circuit Judge,* 133

Mich. 695. At the time the claim of appeal was filed, no judgment had been entered. There was nothing before the court from which an appeal would lie. *Delaney* v. *Michigan Elm Hoop & Lumber Co.*, 144 Mich. 351; *Barribeau* v. *City of Detroit*, 146 Mich. 392; *In re Vetter's Estate*, 162 Mich. 109; *Bancroft* v. *Board of Regents of University of Michigan*, 192 Mich. 168; *Backus* v. *Trumbull Motor Car Co.*, 194 Mich. 199; *Lewis* v. *Bricker*, 232 Mich. 388; *Jirasek* v. *Wayne Circuit Judge*, 248 Mich. 676. The claim of appeal does not purport to be from any final judgment, but from the verdict of the jury and from the order of the circuit judge denying defendant's motion for a new trial. No appeal lay from either at the time the claim of appeal was filed.

An appeal or proceeding in error taken or commenced before the right to take or commence the same has accrued is premature and will be dismissed for want of jurisdiction. 4 C. J. S. p. 936.

"The rule has been variously applied, for example, in different jurisdictions, to appeals or proceedings in error which are taken or commenced before there is a final or appealable judgment, order, or decree, or before the actual rendition, or in some jurisdictions before the entry, or signing, of the judgment, order, or decree." 4 C. J. S. p. 937.

No claim of appeal was made herein from any final judgment and, therefore, there is nothing before the court to review.

Appeal dismissed. Costs to plaintiff.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.