MONDOU v. LINCOLN MUTUAL CASUALTY CO.

1. COURTS—JURISDICTION—CONSENT OF PARTIES.
   Jurisdiction cannot be thrust upon a court by consent of the parties when such jurisdiction does not exist under the law.

2. APPEAL AND ERROR—JURISDICTION OF SUPREME COURT—JUDGMENT —CLAIM OF APPEAL—BONDS—FILING.
   Supreme Court acquired jurisdiction to review judgment for plaintiff, entered in lower court in proceeding against garnishee defendant tried without a jury, notwithstanding term "decree" was used by appellant instead of "judgment" in its appeal, erroneously describing "decree" as having been entered when opinion ordering entry of judgment was dated, where claim of appeal was dated day before it and bond on appeal were filed and judgment appearing of record appears to have been "read, approved and signed" by trial judge on date claim of appeal and bond on appeal were filed though judgment was not entered until the following day.

3. INSURANCE—AUTOMOBILES—DRIVING CONTRARY TO LAW.
   Provision of automobile insurance policy that insurer shall not be liable thereunder when automobile is being driven contrary to law is valid.

4. SAME—AMBIGUITIES—CONSTRUCTION OF POLICY.
   Ambiguities in insurance policies prepared by insurer must be construed most strongly against the insurer.

5. SAME—CONSTRUCTION OF POLICY.
   While an insurance policy must be construed most strongly against the insurer, a court by an interlineation may not write a new clause into a policy.

6. SAME — AUTOMOBILES — CONSTRUCTION OF POLICY—EXCLUSION OF LIABILITY WHEN DRIVEN BY PERSON PROHIBITED BY LAW FROM DRIVING A CAR.
   Automobile insurance policy excluding liability of insurer when car was operated "(a) in any race or speed contest, or (b)

any person prohibited by law from driving the automobile''
*held,* to have a plain and certain meaning, although perhaps
not grammatically correct and to provide that insurer has no
liability when car is being driven by a person prohibited by
law from driving an automobile.

7. SAME—CONSTRUCTION OF POLICY.
Worship of the literal should not overcome common sense or be
used to bring about an absurdity if it can be avoided in con-
struing an insurance policy.

8. SAME—CONSTRUCTION OF UNAMBIGUOUS POLICY.
No construction, in the usual sense of the word, is called for if
the language of an insurance policy is not ambiguous.

9. CONTRACTS—CONSTRUCTION.
A contract will be construed so as to give effect to every word or
phrase as far as practicable.

10. SAME—OMITTED WORDS—CONSTRUCTION.
Where the context of a written contract clearly implies or sug-
gests that a certain word has been omitted, such word will be
supplied by construction.

11. INSURANCE — AUTOMOBILES — EXCLUSION OF LIABILITY — UNLI-
CENSED DRIVERS.
Insurer under automobile policy, excluding liability when car
was operated by person prohibited by law from driving, *held,*
not liable for damages to person injured while car was driven
by an unlicensed driver.

12. SAME—CONSTRUCTION OF POLICY—INSERTION OF OMITTED WORD.
Trial court *held,* in error in refusing to insert word ''by'' after
'' (b)'' in clause of automobile insurance policy relieving in-
surer from liability when car was operated '' (a) in any race or
speed contest, or (b) any person prohibited by law from
driving the automobile,'' and in holding such latter provision
meaningless and of no effect.

SHARPE and POTTER, JJ., dissenting.

Appeal from Bay; McCormick (James L.), J.
Submitted October 6, 1937. (Docket No. 31, Calen-
dar No. 39,662.) Decided February 25, 1938.

Garnishment proceedings by Ruth Mondou against Rachel Rousse, principal defendant, and Lincoln Mutual Casualty Company, garnishee defendant, on an automobile insurance policy. Judgment for plaintiff. Garnishee defendant appeals. Reversed without a new trial.

*Samuel G. Houghton,* for plaintiff.

*Stewart A. Ricard,* for garnishee defendant.

Butzel, J.   I am not in accord with the opinion of Mr. Justice Potter, which for the first time raises the question of jurisdiction. It has not been raised by either party. Jurisdiction cannot be thrust upon a court by consent of the parties, when such jurisdiction does not exist under the law. It does exist in the instant case and jurisdiction was acquired to review the judgment of the lower court. It is true that the term "decree" instead of "judgment" was used by appellant in its appeal, but such an error, made in a case tried by a judge without a jury, is so patent that a correction should be considered as if made.

We are also mindful of the fact that when appellant filed claim of appeal and notice thereof on June 2, 1937, he described it as a "decree" entered on the 13th day of May, 1937. The mistake in date may be due to the fact that the office of the attorney for appellant is located in Detroit, while the case was tried in Bay county. The trial judge concluded his opinion with the statement that "judgment" might be entered in favor of plaintiff and against the garnishee defendant in the amount of $2,409.24 with interest. The opinion including this order is dated May 13, 1937. Appellant evidently was misled by the date of the order of judgment in the opinion. If appellant had been as careful as it was prompt, these slight procedural errors would have been avoided.

It was not until June 2, 1937, that appellant filed its claim of appeal, dated June 1, 1937. On June 4, 1937, it sent appellee's attorney the notice thereof. On June 2, 1937, appellant also filed a bond on appeal, of which it also notified appellee. The judgment as it appears in the record filed in this court was "read, approved and signed" by the trial judge on June 2, 1937, so that on the date the appeal and bond were filed, the judge had signed an order of judgment, though it was not entered until the following day.

When the notice of claim of appeal was sent to appellee, the judgment had been signed and entered on record. These procedural errors could have been corrected, or a new claim of appeal filed, or permission to file a delayed appeal been asked, had an objection promptly been made. Appellee has never questioned the regularity of the proceedings and apparently does not do so now. She has permitted the appellant to go to the expense of perfecting the appeal, printing the record and brief, and there is no showing that she has been prejudiced. At most, the errors were entirely procedural and not prejudicial. This is not a case where, through delay, the court lost jurisdiction or where the case comes to us without a judgment. The appeal was unquestionably from the judgment, as it appears on the record. It will be so regarded, notwithstanding the careless practice, which we condemn, but overlook in this case.

Plaintiff sued the principal defendant, Rousse, for damages alleged to have resulted from being hit by defendant Rousse's automobile. She recovered judgment.

The Lincoln Mutual Casualty Company carried insurance on defendant's automobile which, at the

time of the injury to plaintiff, was being driven by an unlicensed driver. The garnishee defendant, Lincoln Mutual Casualty Company, defended the principal case and denied liability on the ground it was not, under the terms of the policy, liable to plaintiff, the automobile of the principal defendant having been driven at the time of the injury by an unlicensed driver. Plaintiff claims the garnishee defendant is liable. The trial court so held and the defendant Lincoln Mutual Casualty Company appeals.

The insurance policy issued by the garnishee defendant to the principal defendant provided (paragraph 7):

"The company shall not be liable while any automobile herein covered is used, operated, manipulated or maintained: (a) in any race or speed contest, or (b) any person prohibited by law from driving the automobile, (c) while being used for the transportation of passengers for a consideration, actual or implied, or the transportation of explosives."

This provision of the policy does not include in it the word "by" before subdivision (b) of paragraph 7 thereof, but defendant contends this court should construe the policy as if the word "by" appeared before the word "any" in subdivision (b) of paragraph 7 of the policy. On the other hand, plaintiff contends the policy should be construed most strongly against the insurance company which prepared it; that the provision under consideration amounts to an exception to the general terms of the policy and must be clearly established and cannot be left to interpretation; that this court cannot make a contract for the parties, but must take the contract as it is and interpret it according to its express terms; and that when so interpreted, the exception

does not clearly appear, and hence the judgment of the trial court should be affirmed.

There is no question the provision of an insurance policy, providing the insurer shall not be liable thereunder when the automobile is being driven contrary to law, is good. *Zabonick* v. *Ralston*, 272 Mich. 247. And the insurer having prepared its policy, an ambiguity therein, if any exists, must be construed most strongly against the company. *Boesky Bros. Twelfth Street Corp.* v. *United States Fidelity & Guaranty Co.*, 267 Mich. 628; *Hallock* v. *Income Guaranty Co.*, 270 Mich. 448.

An insurance policy must be construed most strongly against the insurer. A court by an interlineation may not write a new clause into a policy. Neither of these two rules, however, is involved in the instant case. The words ''or (b) any person prohibited by law from driving the automobile,'' as quoted in the excerpt from the policy, present no ambiguity nor question, nor are they susceptible of two interpretations. Their only meaning is that there is no liability when a car is being driven by a person prohibited by law from driving an automobile. While the expression in the policy may not be grammatically correct, its meaning is plain and certain. Worship of the literal should not overcome common sense or be used to bring about an absurdity if it can be avoided. A construction in accordance with these views violates neither the spirit nor the reason of the rules hereinbefore stated.

If the language of an insurance policy is not ambiguous, no construction, in the usual sense of the word, is called for. *Wertman* v. *Michigan Mutual Liability Co.*, 267 Mich. 508; *Indemnity Insurance Co. of North America* v. *Geist*, 270 Mich. 510. A contract will be construed so as to give effect to

every word or phrase as far as practicable. *Hapke* v. *Davidson,* 180 Mich. 138. This has always been the rule in this State. It was set forth by Mr. Justice CHRISTIANCY in *Washington County Bank* v. *Jerome,* 8 Mich. 490, in the following language:

"But it is said, the office of interpretation or construction is to ascertain the intention of the parties from the words which they have used; and that we are not at liberty to insert words which they have omitted, and which are not to be found in the instrument.

"This rule is correct when taken with its proper limitations. But it must be understood with this qualification, at least, that words the omission of which by way of ellipsis is sanctioned by usage, for the sake of brevity, and which are necessarily understood in order to give an intelligible meaning to the words used, or to complete the grammatical construction, must often be supplied, or, what is equivalent, understood as included in the words used."

Mr. Justice GRAVES in *Newton* v. *McKay,* 29 Mich. 1, stated:

"The whole writing is always to be considered, and the intent will not be defeated by false English or irregular arrangement, unless the defect is so serious as absolutely to preclude the ascertainment of the meaning of the parties through the means furnished by the whole document and such extrinsic aids as the law permits."

Had there been any doubtful meaning or ambiguity with the word omitted, there is no question but that the word could not have been supplied. *Kaifer* v. *Georgia Casualty Co.* (C. C. A.), 67 Fed. (2d) 309. But where the context of a written contract clearly implies or suggests that a certain word has been omitted, such word will be supplied by construction.

*Hamilton* v. *Wead,* 122 Neb. 854 (241 N. W. 556), citing *Goodrich* v. *Hubbard,* 51 Mich. 62.

In leases, the language is usually construed most strongly against the lessor in the same manner as an insurance policy is construed most strongly against the insurer. In *Dodd* v. *Mitchell,* 77 Ind. 388, a case involving a lease, the court stated:

"A word plainly omitted by inadvertence will always be supplied to accomplish justice by enforcing the intention of the parties. * * * Where a material word appears to have been omitted in a lease by mistake, and other words cannot have their proper effect unless that word be introduced, such lease must be construed as if that word were inserted."

To like effect, see, *Irwin* v. *Nichols,* 87 Ark. 97 (112 S. W. 209); *Caldwell* v. *United States Fidelity & Guaranty Co.,* 205 Ala. 463 (88 South. 574).

The policy relieves defendant from liability in case of an accident when the car is being driven at the time by one not authorized by law to drive an automobile. It is admitted in the stipulation that the car was so driven. Therefore, there is no liability.

The trial court was in error in holding that the word "by" could not be inserted after the letter "(b)" in the fourth line of the paragraph hereinbefore quoted; that the exception stated in "(b)" was meaningless and of no effect; that therefore plaintiff could recover notwithstanding the fact that the car was being driven by a person prohibited by law from driving an automobile. He gave plaintiff a judgment for the full amount of her claim. The judgment is reversed, without a new trial and, with costs to appellant.

WIEST, C. J., and BUSHNELL, CHANDLER, and NORTH, JJ., concurred with BUTZEL, J.

Potter, J. (*dissenting*).   Plaintiff sued the principal defendant, Rousse, for damages alleged to have resulted from being hit by defendant Rousse's automobile.   She recovered judgment.

The Lincoln Mutual Casualty Company carried insurance on defendant Rousse's automobile which, at the time of the injury to plaintiff, was being driven by an unlicensed driver.   The garnishee defendant, Lincoln Mutual Casualty Company, defended the principal case and denied liability on the ground it was not, under the terms of the policy, liable to plaintiff, the automobile of the principal defendant having been driven at the time of the injury by an unlicensed driver.

Plaintiff claims the garnishee defendant is liable. The trial court so held, and the defendant Lincoln Mutual Casualty Company appeals.

The trial court filed an opinion herein dated May 13, 1937.   Claim of appeal was filed, dated June 1, 1937, "from the decree entered on the 13th day of May, 1937."   Judgment was entered June 3, 1937.   There was no claim of appeal filed from the judgment, but only "from the decree entered on the 13th day of May, 1937."   No decree was entered on that date, or on any other date.   The only thing the record shows done May 13, 1937, was the dating of the trial court's opinion filed May 15, 1937.   The claim of appeal was from something which preceded final judgment.

The rules of court refer to the method of review but do not restrict, enlarge or change the right or scope of review provided by law except as explicitly set out in the rules.   Court Rule No. 55 (1933); *Jenkins* v. *Stewart*, 271 Mich. 522.

An appeal is perfected on filing a claim of appeal with the court, tribunal or officer whose action is to

be reviewed. When the appeal is so perfected, the Supreme Court shall have jurisdiction of the case. Court Rule No. 56, § 1, subds. (a) and (b) (1933); *Hoffman* v. *Security Trust Co. of Detroit,* 256 Mich. 383; *Weber* v. *Enoch C. Roberts Iron Ore Co.,* 270 Mich. 38.

The garnishee defendant having filed a claim of appeal as above mentioned, such appeal transferred jurisdiction to this court if it has jurisdiction of this case. The statement by the garnishee defendant that it "appeals from the judgment in favor of the plaintiff" in its reasons and grounds for appeal and bill of exceptions, settled under Court Rule No. 66 (1933), cannot operate to modify the claim of appeal or confer jurisdiction upon this court where it had none by the claim of appeal.

No appeal lies from an opinion of the trial court. Appeals at law are a substitute for the constitutional writ of error and, in the absence of express authorization, an appeal at law will lie only from a final judgment. *People, ex rel. Green,* v. *Eaton Probate Judge,* 40 Mich. 244; *Brady* v. *Railroad Co.,* 73 Mich. 457; *Steel* v. *Clinton Circuit Judge,* 133 Mich. 695; *Delaney* v. *Michigan Elm Hoop & Lumber Co.,* 144 Mich. 351; *Barribeau* v. *City of Detroit,* 146 Mich. 392; *In re Vetter's Estate,* 162 Mich. 109; *Bancroft* v. *Board of Regents of University of Michigan,* 192 Mich. 168; *Backus* v. *Trumbull Motor Car Co.,* 194 Mich. 199; *Lewis* v. *Bricker,* 232 Mich. 388; *Jirasek* v. *Wayne Circuit Judge,* 248 Mich. 676. The rights of the parties must be determined as of the date of the claim of appeal and by the claim of appeal filed by appellant. One may not file an appeal first and obtain judgment afterward. This is in accordance with the established rules of pleading. *Hovey* v. *Sebring,* 24 Mich. 232 (9 Am. Rep. 122); *Blackwood* v. *Brown,* 29 Mich. 483; *Moyer* v. *Scott,* 30 Mich. 345;

*Carpenter* v. *Harris,* 51 Mich. 223; *Schwier* v. *Atlas Assurance Co.,* 227 Mich. 104; *Waubun Beach Ass'n* v. *Wilson,* 274 Mich. 598 (103 A. L. R. 983); 1 C. J. p. 1149; 1 C. J. S. p. 1393; 1 R. C. L. p. 340.   Where an appeal is taken from something not appealable, or is taken before the right of appeal accrues, it should be dismissed for want of jurisdiction.  4 C. J. S. pp. 936, 937.

It may be said the jurisdictional question is not raised by appellee.  A court is a tribunal, not an arbitrator.  Consent of the parties cannot confer jurisdiction on the court.  Its acts without jurisdiction are not judicial acts.  *Beach* v. *Botsford,* 1 Doug. (Mich.) 199 (40 Am. Dec. 45); *Clark* v. *Holmes,* 1 Doug. (Mich.) 390; *Spear* v. *Carter,* 1 Mich. 19 (48 Am. Dec. 688); *Wilson* v. *Davis,* 1 Mich. 156; *Farrand* v. *Bentley,* 6 Mich. 281; *Allen* v. *Carpenter,* 15 Mich. 25; *Moore* v. *Ellis,* 18 Mich. 77; *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654); *Thompson* v. *Michigan Mutual Benefit Ass'n,* 52 Mich. 522; *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549); *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87; *Hull* v. *Hull,* 149 Mich. 500; *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468); *Maslen* v. *Anderson,* 163 Mich. 477; *People* v. *Meloche,* 186 Mich. 536; *Carpenter* v. *Dennison,* 208 Mich. 441.  The question of jurisdiction of the subject-matter may be raised at any time.  *Greenvault* v. *Farmers' & Mechanics' Bank of Michigan,* 2 Doug. (Mich.) 498; *Farrand* v. *Bentley, supra; Attorney General, ex rel. Lockwood,* v. *Moliter,* 26 Mich. 444; *Adams* v. *Hubbard,* 30 Mich. 104; *Woodruff* v. *Ives,* 34 Mich. 320; *Horton* v. *Howard,* 79 Mich. 642 (19 Am. St. Rep. 198); *Tromble* v. *Hoffman,* 130 Mich. 676; *Attorney General, ex rel. Wolverine Fish Co.,* v. *A. Booth & Co.,* 143 Mich. 89; 15 C. J. p. 847.

The objection that a court is without jurisdiction cannot be waived by the parties. 17 Am. & Eng. Enc. Law (2d Ed.), p. 1062. It is the duty of the court to raise the question of jurisdiction on its own motion.

"On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Mansfield C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379, 382 (4 Sup. Ct. 510).

"If the record discloses a controversy of which the court cannot properly take cognizance, its duty is to proceed no further and to dismiss the suit." *Morris* v. *Gilmer,* 129 U. S. 315, 325 (9 Sup. Ct. 289).

"A court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings." 15 C. J. p. 852.

The claim of appeal here was "from the decree entered on the 13th day of May, 1937." Judgment was entered June 3, 1937. No claim of appeal was made from that judgment. There is nothing before this court to review. In principle, this case is governed by *Brown* v. *Adler,* 282 Mich. 264.

Appeal should be dismissed, with costs.

Sharpe, J., concurred with Potter, J. Fead, J., took no part in this decision.