LEWIS *v.* BRICKER.

1. APPEAL AND ERROR—GENERAL JUDGMENT—JOINING CAUSES OF ACTION—RIGHT TO REVIEW SEPARATE JUDGMENTS.

Where two separate · causes of action were joined, and the journal entry shows that the verdicts were separate and that judgment was entered on one only, it was not a general judgment, and therefore its satisfaction did not preclude issuance of writ of error to review the second judgment which was entered later.[1]

2. JUDGMENT — TRIAL — AUTHORITY TO JOIN SEPARATE ACTIONS CARRIED AUTHORITY TO DIRECT SEPARATE VERDICTS AND ENTER SEPARATE JUDGMENTS.

The authority to join separate causes of action in one suit, granted by 3 Comp. Laws 1915, § 12309, necessarily carried with it the further authority to direct separate verdicts and to enter separate judgments, without the aid of Circuit Court Rule No. 70, which merely clarifies and makes certain the practice under the statute.[2]

3. LICENSES—BLUE SKY LAW—QUESTION FOR JURY.

In an action for money paid for stock sold in violation of the blue sky law, the trial judge properly refused to direct a verdict for plaintiff where the evidence presented questions of fact for the jury as to whether the defendant participated in said sale and as to whether it was made in Michigan.[3]

4. SAME—SIGNING OF SUBSCRIPTION NOT CONCLUSIVE OF PLACE OF SALE.

That subscription for stock sold in violation of the blue sky law was signed in a foreign State is not conclusive that the sale was made there.[4]

5. SAME—ONE PARTICIPATING IN SALE LIABLE ALTHOUGH NOT PROCURING CAUSE.

If defendant actively assisted in the sale of stock in violation of the blue sky law, he is liable, in an action for the money paid therefor, although he made no repre-

---

[1]Appeal and Error, 3 C. J. § 550 (Anno); [2]Actions, 1 C. J. § 224; Judgments, 33 C. J. § 124; [3]Licenses, 37 C. J. § 171; [4]Id., 37 C. J. § 170 (Anno).

Applicability of blue sky laws to sale or issue of corporate stock or securities, see notes in 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331.

sentations as to the stock and was not the procuring cause of the sale.[5]

Error to St. Clair; Tappan (Harvey), J. Submitted June 22, 1926. (Docket No. 78.) Decided July 22, 1926.

Assumpsit by Carl D. Lewis against Chester Bricker for money paid for stock sold in violation of the "blue sky law." Judgment for defendant. Plaintiff brings error. Reversed.

*Shirley Stewart* (*Eugene F. Black,* of counsel), for appellant.

*Walsh, Walsh & O'Sullivan* (*William O. Covington,* of counsel), for appellee.

McDONALD, J. Two separate causes of action were joined in this suit against the defendant. Both involve a claim for damages growing out of the sale of stock in an Ohio corporation. On the first sale the plaintiff paid $525 for stock and on the second $1,050. The action on the first claim was upon the theory that the sale was illegal because it had not been authorized by the Michigan securities commission, and that on rescission the plaintiff was entitled to a return of the money paid. The theory of the second cause of action was that the defendant participated with others in a conspiracy to make illegal sales of this stock in Port Huron, Michigan, and that in furtherance of this conspiracy the second sale was made to the plaintiff. At the conclusion of the proofs both parties moved for directed verdicts. As to the second cause of action, the court took the motions under advisement and submitted the case to the jury on both claims. By direction of the court the jury returned two separate verdicts. On the first cause of action the verdict was

---

[5]Licenses, 37 C. J. § 171.

for the plaintiff in the sum of $621.25. On the second
the verdict was for the defendant, no cause for action.
On the first verdict judgment was entered for the
plaintiff. As to the second, the plaintiff moved for
a judgment *non obstante veredicto*. This motion
was denied, but no final judgment was entered on the
second verdict until after the decision of this court
in *Lewis* v. *Bricker*, 232 Mich. 388. The judgment
was then entered and it is this judgment which the
plaintiff here seeks to have reviewed on writ of
error.

Errors assigned relate to the admission and rejection
of evidence, to the refusal of the court to direct a
verdict for the plaintiff, to the refusal to grant plain-
tiff's motion for a judgment *non obstante veredicto*, to
the refusal of the court to submit certain requests to
charge and to the charge as given. After the bill
of exceptions was filed in this court, the defendant
made a motion to dismiss the plaintiff's writ of error
for reasons which we will presently discuss. This
motion was reserved for hearing at the time of the
argument of the calendar cause. It is based upon the
following facts: Judgment was entered for the plain-
tiff and against the defendant on the first verdict.
The second verdict was for the defendant, no cause
for action. As to this verdict the trial court denied
the plaintiff's motion for a judgment *non obstante
veredicto*, but neglected to enter judgment against him
on that verdict. Both parties took out writs of
error. Afterwards, the defendant, not having given
a bond, the plaintiff caused an execution to be issued
against him on the first judgment. After levy was
made thereunder, the defendant paid the judgment
in full and the execution was returned satisfied. The
plaintiff had filed a motion to dismiss the defendant's
writ of error. After payment of the judgment the
defendant made a motion to dismiss the plaintiff's

writ of error.    In *Lewis* v. *Bricker, supra,* this court dismissed both writs.    The defendant consented to the dismissal of his writ because the judgment had been paid.    The plaintiff's writ of error was dismissed because no judgment had been entered against him on the second verdict.

After this decision the plaintiff filed a motion for the entry of a judgment on the second verdict.    This motion was allowed on January 8, 1926, at which time the circuit judge caused a judgment for the defendant of no cause for action to be entered *nunc pro tunc* as of December 5, 1924, which was the date the verdict was rendered.    The defendant's motion to dismiss the plaintiff's writ of error is based upon the alleged invalidity of this judgment.

His first contention in support of the motion is that the jury returned a general verdict in favor of the plaintiff for $621.25, that the judgment entered thereon, which was the only judgment of record, was a general judgment, and that the payment in full of this judgment settled the entire controversy between the parties.

The statute authorizes separate causes of action to be joined in one suit.    This necessarily carries with it authority to render separate verdicts and to enter separate judgments.    There were separate verdicts, but, at the time the defendant paid the judgment of $621.25, that was the only judgment of record.    It was not a general judgment, however, as the following journal entry shows:

"STATE OF MICHIGAN—In the Circuit Court for the County of St. Clair.

Carl Lewis,
      Plaintiff,
         v.
Chester Bricker,
      Defendant.

"At a session of said court held at the courthouse in

the city of Port Huron, Michigan, on the 30th day of December, A. D. 1924.

"Present: Honorable Harvey Tappan, circuit judge.

"The plaintiff in the above entitled cause having filed a motion for judgment *non obstante veredicto* and having moved the court to enter a judgment in his behalf for the sum of ten hundred and fifty dollars with interest from June 6, 1921, the same being the amount paid by the plaintiff for the capital stock of the Auto Vend Company, and the said motion having come on for hearing, and after hearing argument of counsel for the respective parties, the motion of the plaintiff for judgment *non obstante veredicto* for the sum of ten hundred and fifty dollars with interest from June 6, 1921, is hereby denied, with costs to defendant hereby taxed at the sum of five dollars.

"It is further ordered and adjudged that judgment be entered on the verdict for the plaintiff, Carl Lewis, against the defendant, Chester Bricker, for the sum of six hundred twenty-one and 25-100 dollars, *nunc pro tunc* as of December 29, 1924."

This judgment on its face shows that it is a judgment for the plaintiff on his first cause of action only, or on his first verdict. It makes no final determination of the rights of the parties on the second cause of action, and therefore the second cause of action did not become merged in the judgment. And if it did not become merged in the judgment, it was not extinguished when the judgment was discharged by payment. The argument of counsel for the defendant is based on the erroneous assumption that the judgment which the defendant paid was a general judgment. If it were a general judgment there would be much merit in their contention that the second cause of action was extinguished when the judgment was satisfied. But it was not a general judgment. It shows on its face that it did not include the two separate and distinct claims upon which the plaintiff relied. It is conclusive only of that cause of action which it plainly purports to determine. Therefore, its discharge by

payment did not extinguish the plaintiff's second cause of action.

Counsel further say in this connection:

"There was no provision either in the statutes of this State or by rule of the court permitting the entry of separate verdicts or judgments, until the Supreme Court adopted Circuit Court Rule No. 70 in October, 1925, some ten months after the verdict and judgment in this case were entered.    The law, at the time plaintiff caused an execution to be issued upon the judgment that was rendered, provided only for one verdict and one judgment."

Circuit Court Rule No. 70 authorizes separate verdicts and separate judgments in cases where distinct and separate causes of action are joined.    This rule was not necessary to authorize the circuit court to direct separate verdicts and to enter separate judgments.    The statute (3 Comp. Laws 1915, § 12309) authorized the joining of separate causes of action in one suit at law.    The authority thus granted necessarily carried with it further authority to direct separate verdicts and to enter separate judgments. The purpose of Rule No. 70 was merely to clarify and make certain the practice under this statute.

Other reasons assigned by the defendant for the dismissal of the writ of error will not be discussed. They have all been considered.    They present no new questions and are without merit.    It is our opinion that the judgment is valid and that the circuit judge had authority to enter it and to settle and sign the bill of exceptions.    Therefore, the motion to dismiss the writ of error is denied.

Coming now to a consideration of the questions presented by the record in the calendar cause, we are of the opinion that the court did not err in refusing to direct a verdict for the plaintiff.    The evidence presents questions of fact for the jury as to whether the defendant participated in the sale of this stock to the

plaintiff, and as to whether the sale was made in Michigan or Ohio.    There is evidence that two stock salesmen representing the Ohio corporation came to Port Huron, Michigan, for the purpose of selling its stock. They had no authority to sell this stock in Michigan. The statute forbade it and made its violation a misdemeanor.    "All aiding and assisting in the commission of a misdemeanor are principals."    *Thompson* v. *Cain*, 226 Mich. 609.

It was the claim of the plaintiff that the defendant assisted the salesmen, Brooks and Quinn, in selling this stock in Michigan.    On cross-examination the defendant testified as follows:

"*Q.* When Brooks and Quinn came to you in Port Huron the first time, what did they say their purpose was in coming?

"*A.* They naturally made the statement they were here to sell stock.

"*Q.* And to get from you whatever assistance they might be able to get from you?

"*A.* I would expect that, yes.

"*Q.* What did their conversation indicate to you, that they wanted you to do when they came to you?

"*A.* Help to sell stock.

"*Q.* Give them some aid and assistance in the sale of the stock?

"*A.* Yes.

"*Q.* As result of that conversation you did render them some aid and assistance in Port Huron in selling the stock?    Or in attempting to sell it?

"*A.* I think I did.

"*Q.* They came to you to help them sell stock and you did render some assistance to them in their attempt to sell stock?

"*A.* I believe I did.

"*Q.* You went on this trip to Cleveland?

"*A.* Yes.

"*Q.* Some people to whom you had talked about purchasing the stock went on the trip to Cleveland, too?

"*A.* I think there was one or two."

The plaintiff testified that in May, 1921, at the Elks

Temple in Port Huron, Michigan, he was approached by defendant Bricker and the two salesmen; that Bricker introduced them, told the plaintiff they were salesmen for the company, that they were getting up a party to go to Cleveland to look over the proposition and advised him to go with them; that the salesmen recommended the investment and told the plaintiff it would be "mighty good, if he would take some more of it;" that the defendant went with them to Cleveland; that at Detroit he took them to a restaurant and provided them with dinner; that all of plaintiff's expenses were paid on the trip and at Cleveland.

The defendant denied some of this testimony, but it tends to support plaintiff's theory. It tends to show that the defendant participated in the sale of the stock, and that some of the negotiations for the sale were carried on in Michigan. The fact that the subscription was signed in Cleveland is not conclusive that the sale was made in Ohio. The statute specifying the unlawful acts of an investment company or dealer or representative, not authorized to sell stock in this State, is very broad. The applicable provision reads as follows:

"It shall be unlawful for an investment company or dealer, or representative thereof, either directly or indirectly, to sell or cause to be sold, offer for sale, take subscriptions for, or negotiate for the sale in any manner whatever in this State, any stock, bonds or other securities." * * * 3 Comp. Laws 1915, § 11958.

Whether the stock, directly or indirectly, was offered for sale or its sale negotiated for in this State was, under the evidence, a question of fact for the jury.

In submitting the questions of fact to the jury the court erred in the following instructions:

"In order to recover the plaintiff must convince you not only that Mr. Bricker made representations and took part in a common enterprise with the agents in

selling Mr. Lewis that stock; but that Mr. Lewis would not have purchased it except for the representations of Mr. Bricker.    *    *    *

"Under all of these proofs and all of the circumstances as I have explained them to you, unless you find that Mr. Bricker aided, assisted and procured the sale of this stock, the second bunch of stock, as I have explained it, and that the sale would not have been made except for the assistance and procurement and participation by Bricker, then the plaintiff cannot recover.    If on the other hand, you conclude that Bricker took part in this sale, and through his participation the sale was consummated, then you are warranted in returning a verdict for the amount paid for that stock, $1,050.    *    *    *

"To hold Mr. Bricker responsible you must be satisfied from the proof that Mr. Lewis would not have purchased this stock except upon the aid and assistance Mr. Bricker rendered Brooks and Quinn.    Unless this controlling fact is established your verdict must be in favor of defendant Bricker.    *    *    *

"On the other hand, if you find that Bricker actively assisted in the sale of the stock to Mr. Lewis, and Mr. Lewis would not have purchased except for such aid and assistance given to the salesmen by Mr. Bricker, then plaintiff may recover the purchase price of the stock, $1,050."

Under authority of *Cain* v. *Thompson*, 226 Mich. 609, and cases therein cited, these instructions were erroneous and constitute reversible error.    In order to recover against the defendant it was not necessary to show that he made representations as to the stock, or that what he did was the procuring cause of the sale.    It is sufficient if it appears that he actively assisted in the unlawful common enterprise, which was the sale of the stock.

No other questions require discussion.

The judgment is reversed and a new trial granted. The plaintiff will have costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.