PETER DREES v. MINNESOTA PETROLEUM COMPANY AND OTHERS.
PETER M. DREES v. SAME DEFENDANTS.[1]

October 20, 1933.

No. 29,569.

[1]Reported in 250 N. W. 563.

*Hall & Catlin* and *Tom Kirby*, for appellant.

*A. R. English* and *Clarence J. Donnelly*, for respondents.

*OLSEN, Justice.*

Two cases tried together. In each case the plaintiff sought to recover $1,500 and interest paid by him to defendant Minnesota Petroleum Company, a corporation, for the alleged purchase of stock in that company. The defendants E. W. Richtmeyer, J. O. Stevens, and L. H. Redetzke, are respectively treasurer, president, and secretary of the corporation. At the close of the evidence, the court directed a verdict in each case in favor of the plaintiff against the company and Richtmeyer and Stevens. The defendant Richtmeyer alone moved for a new trial and appeals from the orders denying such motion.

The plaintiffs base their right to recover in tort on the ground that the sales of stock for which they paid their money were illegal and void because said stock had not been registered or licensed or authorized to be sold in this state by the state securities commission, and that defendant Richtmeyer aided and participated in such sales. The stock was sold to plaintiffs in March and April, 1928.

■ That this stock was not registered or licensed to be sold in this state by the securities commission, that it was sold here, and that there was an attempt to evade the law requiring the stock to be so registered and licensed is conclusively shown. The sales were illegal and void. 1 Mason Minn. St. 1927, §§ 3996-4, 3996-22; Vercellini v. U. S. I. Realty Co. 158 Minn. 72, 196 N. W. 672; Webster v. U. S. I. Realty Co. 170 Minn. 360, 212 N. W. 806; 14 C. J. 529, § 793.

■ The next question is whether it conclusively appears that defendant Richtmeyer aided and actively participated in the sales of the stock to the plaintiffs. The company was incorporated in Delaware. Its president and treasurer were and are residents of Lyon county, Minnesota. Richtmeyer appears to have been one of the principal organizers of the company. An office was opened and conducted in his building at Marshall in said county. He personally was in charge of and conducted the office. As far as appears, this was the only office of the company where any of its business was transacted. Two salesmen, apparently working out of that office, were employed to solicit and sell stock in the territory of Marshall and vicinity in this state. These salesmen reported their doings to Richtmeyer. Money and checks received by them on sales were brought into the office and delivered to Richtmeyer or the bookkeeper. Richtmeyer deposited funds so received in a bank at Marshall in an account kept by him as treasurer of the company. He paid to the salesmen a commission of 20 per cent out of the funds .so received. The account books and stock books were kept in his office. When stock was sold, the stock certificates were executed at that office by Richtmeyer, as treasurer, and Stevens, as president. It is true that the stock certificates so executed were not then filled out as to the number of shares or names of the purchasers, but were sent to a so-called transfer agent in Montana with instructions to

fill in the names and amounts and to mail same to the purchasers. But, as far as appears, this transfer agent was not an officer of the corporation and acted merely as a clerk or servant of the president and secretary, in the attempt to evade our securities registration law. No other conclusion can reasonably be arrived at than that defendant Richtmeyer actively participated in the sales of the stock to these plaintiffs and others. It appears also that part of the negotiations for the sales were conducted in his office and presence, and that he wrote letters to prospective purchasers, including plaintiffs, recommending the investment of money in the enterprise. He also took part in a public meeting for the purpose of inducing persons to invest in the enterprise.

■ An officer of a corporation aiding and participating in the illegal sale of stock or securities of the corporation is liable to a purchaser for the money paid therefor. Smith v. Crawford, 228 Ky. 420, 15 S. W. (2d) 249; Abrams v. Love, 254 Ill. App. 428; Thompson v. Cain, 226 Mich. 609, 198 N. W. 249; Lewis v. Bricker, 235 Mich. 656, 209 N. W. 832; 14A C. J. 175, § 1955.

■ It was not necessary to rescind or tender back the stock certificates before bringing suit. Where the purchaser has received no tangible property of the corporation and no deed or transfer of any such property, but receives only a void paper certificate of stock, the bringing of the suit is a sufficient disaffirmance of the sale. A tender of rescission would have been futile.

■ The action is not one in quasi contract for recovery of money had and received by the corporation on an implied promise to repay, but for recovery on the ground of tort. As stated in Burleson v. Langdon, 174 Minn. 264, 268, 219 N. W. 155, 156: "That this defendant participated actively in the tort doubtless made him liable in trover."

It was suggested on the argument that part of the stock sold to plaintiff Peter M. Drees was bought through the plaintiff Peter Drees. No such issue appears to have been raised or tried in the court below, and the certificates to the stock held by Peter M. Drees run directly from the corporation to him.

612

The court did not err in directing verdicts or in denying new trials.

Orders affirmed.

