LLOYD D. OLSON AND OTHERS v. R. I. THOMPSON.
ROBERT LEACH AND OTHERS,
THIRD-PARTY DEFENDANTS.

140 N. W. (2d) 321.

February 4, 1966—Nos. 39,704, 39,705, 39,706.

*Berens, Rodenberg & O'Connor,* for appellant.

*Fling & Taylor* and *A. R. Mueller,* for plaintiff respondents.

*S. P. Gislason* and *Everett L. Young,* for third-party defendant respondents.

OTIS, JUSTICE.

Plaintiffs have brought three actions to rescind their purchase of oil and gas leases from defendant. Third-party actions seek indemnity or contribution. These appeals are from judgments granting rescission and denying contribution.

The trial court found that in the fall of 1961 Ray Fleury, a fellow employee of plaintiffs in Minnesota, acting as the agent of defendant, R. I. Thompson, negotiated the sale to plaintiffs of fractional interests in oil and gas leases owned by Thompson in Indiana. None of the leases was registered with the securities division of the Department of Commerce as required by Minn. St. 80.30. The court ordered restitution of the purchase price in each case and reassignment of the leasehold interests to defendant.

■ Thompson here concedes that if the evidence supports the finding that Ray Fleury was acting as his agent in the sale of these leases, Thompson violated the Securities Act and plaintiffs are entitled to recover. However, he asserts that as a matter of law the court erred in finding an agency. Defendant contends that he was never in the State of Minnesota, that he didn't communicate with plaintiffs until after these sales, and that it was they who came to Indiana to visit and consult him. He argues that the

evidence compels a finding that third-party defendant C. V. Leach, a resident of Indiana, approached Thompson with a view to having defendant assign oil leases to Leach who in turn would transfer fractional shares to interested persons in Minnesota. Leach's son Robert and Fleury, according to Thompson, were simply disposing of C. V. Leach's interests and had no dealings with Thompson beyond permitting Thompson to handle the "paper work."

We hold that the record supports the court's finding that Fleury was acting as agent for Thompson with Thompson's knowledge and consent. Over the course of several months, Fleury obtained checks from plaintiffs payable to Thompson, and transmitted them to Thompson in Indiana. Fleury received from Thompson so-called receipts and agreements conveying to plaintiffs their fractional interests in the various oil and gas leases which were the subject of these transactions. It is admitted by Thompson that Fleury received by way of commission a percentage of the leases involved. In one instance, after a visit with Thompson in Indiana, plaintiff Johnson testified that upon his return home he immediately received a call from Fleury pertaining to the discussions had with Thompson.

From all of this evidence the court could find that Fleury was authorized to act on Thompson's behalf throughout these transactions. Under the circumstances, the court was justified in refusing to accept Thompson's version that Fleury was simply acting for himself and that Thompson was merely accommodating Fleury in drafting the legal documents which represented the plaintiffs' share in the leaseholds.

■ On the theory that a violation of the Securities Act is a tort,[1] defendant Thompson seeks contribution or indemnity against the two Leaches and Fleury for their joint participation in the violations. We are of the opinion that the trial court was correct in denying recovery. While the action is one sounding in tort, the relief sought is for rescission, requiring restitution of the purchase price and a reassignment of the leases. In his third-party action Thompson makes no demand for damages, and the theory on which he claims contribution is not clear, since the parties

---

[1] Drees v. Minnesota Petroleum Co. 189 Minn. 608, 250 N. W. 563.

by the nature of the action are merely restored to the status quo ante. More important, however, we are aware of no rule under the law of agency which allows a principal to recover damages from an agent who is acting in accordance with the principal's directions.[2] We therefore hold as the trial court found that Thompson is entitled to neither indemnity nor contribution from those who were acting on his behalf within the scope of the authority conferred on them.

Affirmed.

---

[2] Restatement, Agency (2d) § 401, comment *d:* "If the principal authorizes a tort, either advertently or inadvertently, he cannot recover for harm resulting to him from it. Hence, if the principal directs the agent to do an act which, to the knowledge of the agent, is either tortious or criminal, the agent is subject to no liability to the principal, unless he should realize that the principal is mistaken and believes the act to be a lawful one, in which case the agent would not be authorized to perform it."

Restatement, Restitution, § 96, *comment b:* "Where a person acts for another in accordance with the other's directions and as a result both become liable in tort to a third person, the other has no right to indemnity from the person who acted, * * *."