**William W. KIDD and Roelfina Dubbleman, Plaintiffs and Respondents,**

v.

**Angelo MALDONADO, Defendant, Third-Party Plaintiff and Appellant,**

v.

**Douglas B. McAFFEE, Century 21, McAffee Realtors and Sue Marks, Third-Party Defendants.**

No. 18660.

Supreme Court of Utah.

Aug. 1, 1984.

John H. McDonald, Salt Lake City, for Maldonado.

Richard H. Moffat, John L. Young, Salt Lake City, for McAffee.

Jerold D. Conder, Salt Lake City, for Kidd and Dubbleman.

STEWART, Justice:

This case arises out of a real estate transaction. Mr. Angelo Maldonado, the

seller, executed an earnest money agreement to sell his residence to William W. Kidd and Roelfina Dubbleman, the buyers. The buyers sued the seller for specific performance when the seller refused to complete the sale. The seller sued his real estate broker and Douglas B. McAffee, the real estate agent, for indemnification as third-party defendants on the ground that the agent erred in preparing the earnest money agreement. The trial court entered summary judgment for the buyers, the broker, and the agent. The seller appeals the summary judgment in favor of the broker and agent. The judgment for the buyers is final and is not at issue here.

The earnest money agreement contained a "subject to" clause in a counter offer made by the seller. That clause, written by the real estate agent, stated that the "possession date [is] subject to relocation of seller." The seller interpreted that language to mean that his house could not be sold unless he found another house in which to live. Because he was unable to find another house of equal value, he refused to consummate the sale. In the action between the seller and the buyers, the trial court ruled that the language in question in the earnest money agreement made only the buyers' possession of the house, not the sale of the house, subject to the seller's relocation.

The seller asserts that he told the real estate agent, prior to the agent's filling out the earnest money agreement form, that the seller did not want to *sell* his house until he had located another house. He asserts that the agent erred in phrasing the counter offer so that the buyers' *possession* was made subject to the seller's relocation rather than making the sale itself subject to relocation. On that ground, the seller contends that the real estate agent violated their principal-agent relationship and that the agent and his broker should be required to indemnify the seller for the damages awarded the buyers in the main action.

A real estate broker and his agents are the agents of a property owner from whom the broker has a listing, and the broker and his agents owe a fiduciary duty to the property owner. *Hal Taylor Associates v. Unionamerica, Inc.*, Utah, 657 P.2d 743, 748 (1982). *See Hopkins v. Wardley Corp.*, Utah, 611 P.2d 1204 (1980). In the instant case, the agent owed a duty to the seller to prepare the earnest money agreement in the manner directed by the principal. As to that there is no dispute. The language of the "subject to" clause in the earnest money agreement was known to the seller prior to presentation to the buyer. The seller read the agreement, and in particular the pertinent clause, before signing it; knew the words used; and had an opportunity to raise any question concerning the language in the earnest money agreement with his real estate agent. The language at issue was nontechnical and readily understandable, and there is no hint of misrepresentation, fraud, or sharp dealing by the real estate agent in this case and none was pleaded.

When a principal sees an act done by his agent and the act is not subject to misunderstanding by a reasonable person, the law does not permit the principal to ignore what is obvious, even if it be contrary to his instructions. When an agent exceeds his express authority, which must be assumed in this case because it is here on summary judgment, ratification by the principal releases the agent from liability in damages. *Restatement (Second) of Agency* § 416 (1958). *See Southwest Title Insurance Co. v. Northland Building Corp.*, Tex.Civ.App., 542 S.W.2d 436, 450 (1976), *modified on other grounds*, 552 S.W.2d 425 (1977). In the instant case, the seller knew the words used by the real estate agent, and by signing the earnest money agreement, the seller approved and ratified the acts of the real estate agent and is bound by them. *See, e.g., Bradshaw v. McBride*, Utah, 649 P.2d 74 (1982); *Jones v. Mutual Creamery Co.*, 81 Utah 223, 17 P.2d 256 (1932).

Affirmed. Costs to respondent.

HALL, C.J., HOWE and DURHAM, JJ., and SCOTT DANIELS, District Judge, concur.

ZIMMERMAN, J., does not participate herein.