STANLEY F. BARTA, JR., AND DORENE BARTA, HUSBAND AND WIFE, APPELLEES, V. RANDY KINDSCHUH AND JEANEEN KINDSCHUH, HUSBAND AND WIFE, DEFENDANTS AND THIRD-PARTY PLAINTIFFS, APPELLANTS, AND COLDWELL BANKER DOVER CO., A CORPORATION, AND TOM HAIAR, THIRD-PARTY DEFENDANTS, APPELLEES.

518 N.W.2d 98

Filed June 24, 1994.   No. S-92-1018.

Thomas B. Donner for appellants.

Michael T. Brogan, of Brogan & Stafford, P.C., for appellees Coldwell Banker Dover and Tom Haiar.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

WHITE, J.

Appellants, Randy Kindschuh and Jeaneen Kindschuh (sellers), are third-party plaintiffs in an action against appellees Coldwell Banker Dover Co. and its selling agent, Tom Haiar, third-party defendants, for misrepresentation, breach of contract, and breach of fiduciary duties. The district court granted Coldwell and Haiar's motion for summary judgment, and sellers appealed. We affirm.

The following constitutes a summary of the relevant facts: In 1989, sellers retained Effie Larson, a Coldwell agent, to sell their house. In connection with Larson's representation of sellers, Larson and sellers completed, but did not sign, a "Property Disclosure Information" form.

The form is designed to provide information which agents use when showing the house to potential buyers. The two-page form lists seven major topics related to items around the house: plumbing, electrical, structure, insulation, heating and cooling, kitchen equipment, and miscellaneous. Below each numbered topic is a list of several related items. Beside each item is a blank line on which the condition of each topic is to be provided. For example, the item with which we are concerned in this case appears as follows:

| 3. STRUCTURE | CONDITION |
|---|---|
| Roof | _____ |
| Has roof ever leaked or been repaired? | _____ |
| Foundation | _____ |
| Basement/Water | _____ |

The form completed in this case indicates that the condition of the roof is "good" and that the roof has never leaked or been

repaired. Above the signature line the form provides that "any inconsistencies with the above statement shall be [sellers'] personal responsibility. <u>Coldwell Banker Dover Realtors as my agent, shall have no responsibility in repairing or replacing any of these items.</u>" (Emphasis in original.)

Sellers became dissatisfied with Larson and requested that Haiar, another Coldwell agent, market their house. On January 21, 1990, Haiar and sellers met at sellers' house and reviewed the information provided in the disclosure form that had been prepared by sellers and Larson. When Haiar asked about the condition of the roof, sellers told Haiar that the roof had recently developed some leaks. These new leaks were not repaired by sellers.

With regard to this discussion on January 21, there are some factual discrepancies between the evidence presented by Haiar and that presented by sellers. Haiar states that sellers told him that the roof had begun to leak, but that the leaks had been fixed. Sellers state that they only told Haiar of the new leak and showed Haiar the spot in the attic where the leak was evident.

Neither Haiar nor sellers made any changes to the form with regard to the condition of the roof. Although sellers knew the form stated that the roof was in good condition and had never been repaired, they signed the form on January 21. Sellers stated that they assumed Haiar would make the necessary changes to the form. Haiar stated that he gave the form to sellers to read and sign and that he left it to them to decide what information to disclose on the form.

Subsequently, Stanley F. Barta, Jr., and Dorene Barta (buyers) purchased the house. After discovering several problems with the condition of the house, buyers filed a lawsuit against sellers alleging that sellers made material misrepresentations regarding the condition of the house. The alleged acts of misrepresentation arise from the information regarding the condition of the roof that was contained in the disclosure form. The buyers maintain that they read the form prior to the purchase and that they would not have purchased the house if they had known about its actual condition.

The case before this court involves the third-party action commenced by sellers against Coldwell and Haiar. Sellers allege

that Haiar was their agent in the sale and that Haiar should be liable for any losses incurred because of his actions as sellers' agent. In their petition, sellers raise three alternative theories of recovery: misrepresentation, breach of contract, and breach of the fiduciary duty of care. We note that in their action entitled "misrepresentation," sellers allege that appellees made knowingly false representations to *buyers*, and therefore appellees should be liable for any damages sellers may incur in the main action.

The district court granted Coldwell and Haiar's motion for summary judgment. The court found that the property disclosure form was dispositive of any issue of liability. Sellers timely filed a notice of appeal to the Court of Appeals. On our own motion, the action was moved to this court.

Sellers allege that the district court erred in finding that there was no genuine issue of material fact and granting summary judgment.

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Franksen v. Crossroads Joint Venture*, 245 Neb. 863, 515 N.W.2d 794 (1994); *Schmidt v. Omaha Pub. Power Dist.*, 245 Neb. 776, 515 N.W.2d 756 (1994); *Rowe v. Allely*, 244 Neb. 484, 507 N.W.2d 293 (1993). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Larson v. Vyskocil*, 245 Neb. 917, 515 N.W.2d 660 (1994); *Franksen, supra*; *Schmidt, supra*; *Rowe, supra*.

Each of the theories of liability asserted by sellers arises from the alleged misrepresentation that was contained in the disclosure form regarding the condition of the roof. The issue which we are asked to address is whether Coldwell and Haiar, as agents of sellers, are liable for any damages suffered by sellers for that alleged misrepresentation.

A real estate agent owes his principal a fiduciary duty to use

reasonable care, skill, and diligence in performing his obligations and to act honestly and in good faith. *Firmature v. Brannon*, 223 Neb. 123, 388 N.W.2d 119 (1986); *Tetherow v. Wolfe*, 223 Neb. 631, 392 N.W.2d 374 (1986); *Vogt v. Town & Country Realty of Lincoln, Inc.*, 194 Neb. 308, 231 N.W.2d 496 (1975). Additionally, the relationship may be governed by a contract, and in such a case, the contract may also define the obligations of the agent. When an agent fails to fulfill his agency duties, the agent may be held liable to the principal for losses suffered by the principal. *Walker Land & Cattle Co. v. Daub*, 223 Neb. 343, 389 N.W.2d 560 (1986); *Vogt, supra*; Restatement (Second) of Agency, Introductory Note for §§ 376 to 398 (1958); 3 C.J.S. *Agency* §§ 297 and 461 (1973); Harold G. Reuschlein & William A. Gregory, The Law of Agency and Partnership §§ 65 to 81 (2d ed. 1990).

However, if the principal authorized the agent's acts, or otherwise acquiesced in or ratified such acts, the agent will not be held liable to the principal for the losses resulting from those acts. See, *McNamara v. Johnston*, 522 F.2d 1157, 1165 (7th Cir. 1975) (explaining that "as between agent and principal, an agent cannot be held liable for the use of the principal's property in an unlawful manner when it is reasonable to infer that the principal authorized the agent's conduct"); *Olson v. Thompson*, 273 Minn. 152, 140 N.W.2d 321 (1966) (stating that although the actions of the agent constituted a tort, the agent is not liable to the principal for damages arising from such actions because the agent was acting in accordance with the principal's instructions); *Gutting v. Jacobson*, 184 Neb. 402, 167 N.W.2d 762 (1969) (stating that an agent is liable to the principal for violations of the agent's fiduciary duties, but that a principal may by acquiescence release the agent from such liability); *Kidd v. Maldonado*, 688 P.2d 461 (Utah 1984) (finding that although the agent completed an earnest money agreement contrary to the principal-seller's instructions, the seller ratified the agent's acts when the seller read and signed the agreement); Restatement, *supra*, § 401, comment *d*. Cf., *Putnam v. DeRosa*, 963 F.2d 480 (1st Cir. 1992) (holding that a principal does not have an action against his agent for indemnification based on the agent's misrepresentations because the principal

was not "blameless" in the misrepresentations made to the third parties); *Warner v. Reagan Buick*, 240 Neb. 668, 483 N.W.2d 764 (1992); *City of Wood River v. Geer-Melkus Constr. Co.*, 233 Neb. 179, 444 N.W.2d 305 (1989) (discussing indemnification actions and stating that a party seeking indemnification must have been free from any wrongdoing); *Hiway 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc.*, 232 Neb. 763, 443 N.W.2d 872 (1989); Restatement, *supra*, § 411, comments *c.* and *d.* (stating that if both the principal and the agent are aware that the performance of an act is wrongful, ordinarily the agent is not liable to indemnify the principal for damages arising from the performance of that act).

In a case factually similar to the case before us, the Supreme Court of Utah considered whether the seller had ratified the wrongful acts of his agent. In *Kidd, supra*, the seller of a home retained a real estate agent to assist in the marketing and sale of the home. After a buyer was located, the seller instructed the agent to prepare an earnest money agreement. The seller contended that he instructed the agent to include in the agreement a "subject to" provision, which would have provided that *sale* of the house was subject to seller relocating to another house. Contrary to those instructions, the agent drafted an agreement which provided that *possession* of the house by buyers was subject to relocation of the seller. Seller signed the earnest money agreement as drafted by the agent. Seller did not acquire another house and refused to complete the sale to buyers. Buyers then sued seller for specific performance of the sale contract, and seller filed a third-party petition against the agent. The trial court granted summary judgment in favor of the agent.

On appeal, seller argued that the agent violated the agency-principal relationship because the agent drafted an agreement in violation of the seller's specific instructions. According to seller, therefore, the agent should have been liable for damages suffered by seller in the main action. The court, however, rejected seller's argument.

The court stated that as an agent of the seller, the agent owed a duty to the seller to conduct the sale in accordance with the seller's instructions. The court found that the evidence

established that the agent violated that duty when the agent drafted an earnest money agreement that contained a clause other than that requested by the seller. The court also found that before the agreement was presented to the buyers and before the seller signed the agreement, the seller read the agreement which included the disputed "subject to" clause. The court stated that the seller did not question the language in the agreement and did not ask that the agent change the language. The court noted that the language of the agreement was unambiguous, nontechnical, and "readily understandable." 688 P.2d at 462. Additionally, there was no evidence that the agent engaged in any fraud or misrepresentation which may have induced the seller to sign the agreement.

The court held that the agent was not liable to the seller. The court reasoned that when a principal sees and understands the acts of his agent, "the law does not permit the principal to ignore what is obvious, even if it be contrary to his instructions." *Id.* The court explained that if an agent exceeds his express authority, the principal may by ratification release the agent from liability for damages incurred by the principal. See, Restatement, *supra*, § 416; *Southwest Title Ins. Co. v. Northland Bldg.*, 542 S.W.2d 436 (Tex. Civ. App. 1976), *modified on other grounds* 552 S.W.2d 425 (Tex. 1977). The court stated that the seller knew and was capable of understanding the acts of the agent as expressed in the agreement and that the seller voluntarily signed the agreement and permitted the agreement to be presented to the buyers. The court held that by these acts the seller ratified and approved of the agent's acts and that, thus, as between the seller and the agent, the seller could not hold the agent liable for the resulting damages.

Similarly, in the present case we assume that Haiar violated a duty owed to the sellers when Haiar did not change the information provided in the disclosure form to reflect that the roof had begun to leak before sellers signed the form. There is no factual dispute, however, that after this discussion between sellers and Haiar regarding the leak, sellers were permitted to read over the form, that the form was easy to understand, and that sellers did not question the written statement regarding the

condition of the roof. The release of liability language in the form further emphasized that sellers were responsible for the information contained in the form.

Additionally, the sellers do not allege and the evidence does not indicate that the agent fraudulently induced the sellers to sign the form. In the depositions by sellers, they state that they "assumed" that Haiar would make any necessary changes to the form at a later date. The sellers do not contend that their assumption was based on any acts or representations of Haiar. See *Tetherow v. Wolfe*, 223 Neb. 631, 392 N.W.2d 374 (1986) (finding that agent misrepresented the effect of the agreement he prepared for principal and induced principal to sign the agreement).

We therefore find that even if Haiar exceeded his authority as sellers' agent by failing to change the form to reflect the information provided by sellers, the law will not afford sellers protection for ignoring the obvious. When sellers read and signed the form which included misrepresentations regarding the condition of the roof, sellers acquiesced in and ratified the acts of their agent, thereby releasing the agent from liability to sellers for the resulting damages.

The decision of the district court regarding the third-party action between sellers and Coldwell and Haiar is hereby affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.